ANDREW CLARK *vs.* ANDREW R. HOLMES and Trustee.

Washington.    Opinion September 11, 1913.

*Acceptance.    Assent.    Assignment.    Creditors.    Disclosure.    Parties to*
*Assignment.    Signatures to Assignment.    Trustee.*

1.  Unless an assignment for the benefit of creditors provides otherwise, the
    assent of a creditor may be shown by any conduct or language which indi-
    cates that he consents to it.  In such case, his signature upon the instrument
    is not essential.

2.  Where an assignment for the benefit of creditors contained also an offer
    to pay a special percentage to all creditors who should become parties to
    the assignment within a certain time, the creditors who accepted the offer
    thereby assented to the assignment.

Report on agreed statement of facts.  Trustee charged for $44.58,
less his costs legally taxed.

The defendant on the 10th day of April, 1911, made a common
law assignment for the benefit of his creditors to Leo D. Lamond,
wherein he offered 25 per cent to all creditors who became parties
to said assignment.  The plaintiff in this action did not assent to ·
said assignment, but on the 12th day of May, 1911, commenced this
action and summoned said Lamond as trustee, and made it return-
able to the Municipal Court for the city of Eastport.  By agree-
ment of parties, and upon an agreed statement of facts, the case
was certified to the Chief Justice in accordance with Private Laws
of 1903, chapter 219, section 11, for the determination of the law
question whether those creditors who wrote letters to Lamond,
stating that they would accept the 25 per cent offered, thereby
became "parties to the assignment" within the meaning of that
phrase in the assignment.

The case is stated in the opinion.

*A. D. McFaul,* for plaintiff.

*R. J. McGarrigle,* for trustee.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

SAVAGE, C. J. The defendant, on April 10, 1911, made a common law assignment of all his estate for the benefit of all his creditors who should become parties to the same to Leo D. Lamond, who has been summoned as trustee in this action. The assignee notified the several creditors of the debtor of the assignment and offered to pay twenty-five per cent to all creditors who became parties to the assignment. No creditor signified his assent by signing the assignment. Four creditors in reply to the notice from the assignee wrote to him as follows:—One Frye & Co. on April 20 wrote, "Yours of the 17th Re A. R. Holmes at hand and note your remarks. . . . We are willing to accept 25 per cent cash to settle the account." A second, on April 20, Perkins Box Factory, wrote, "We are sorry to note by your favor of the 17th, the failure of A. R. Holmes. We enclose you an itemized . . . amount of our claim. We think if you get 25 per cent you will do pretty well." A third, Dennysville Lumber Co., on April 21, wrote, "Our claim against A. R. Holmes is $102.54, and we will settle for 25 per cent provided we receive settlement for same in 60 days." A fourth, Calais Box & Lumber Co., on May 9 wrote, "Replying to your favor of the 17th ult. in regard to our account against Andrew R. Holmes, we are enclosing you bill of the account as per our books and hereby express our willingness to accept 25 per cent of the same in settlement. . . ."

This action was brought by a non-assenting creditor on May 12, 1911, and was served on the assignee as trustee on the following day. The trustee discloses that he had in his hands two hundred and fifteen dollars of the Holmes estate at the time the writ was served, that the claims of the creditors whose letters have been referred to amounted to $265.66; that he claims to deduct from the amount on hand, 25 per cent of these claims, or $66.42, and his own account for services and expenditures, amounting to $104.00, leaving in his hands the sum of $44.58.

The question to be decided is whether the creditors who wrote these letters thereby became "parties to the assignment" within the meaning of that phrase in the assignment. If they did, their claims

which exceed in amount the sum disclosed by the trustee will exhaust the same, and, but for the fact that they have agreed to accept 25 per cent of their claims, nothing would be left to which the trustee process can apply. Whether strictly they would be entitled to more under the assignment, if the estate turned out to be able to pay more, we need not consider, for only 25 per cent is now claimed.

Within the meaning of the phrase "parties to the assignment," the creditors who wrote the letters became "parties" to it, if they assented to it. Unless such an instrument of assignment provides otherwise, it is not necessary that a creditor's assent be evidenced by his signature to the instrument, or that it appear upon the instrument. It need not be in writing even. It need not be formal and express, but may be implied. *Wiley* v. *Collins*, 11 Maine, 193. It may be qualified or conditional. *Deering* v. *Cox*, 6 Maine, 404. Any act, conduct or language on the part of a creditor indicating that he has consented to an assignment made for his benefit will constitute a sufficient assent. *Nutter* v. *King*, 152 Mass., 355; 4 Cyc., 141, and cases cited.

But it is contended in argument that the creditors did not, by word or conduct, assent to the assignment, but rather did assent to the composition offer of 25 per cent, and, among other things, it is suggested that the case does not show that the creditors were even asked to become parties to the assignment. We think this contention is not sound.

The offer was not to pay the 25 per cent to all creditors, but only to all creditors who should become parties to the assignment. Therefore these creditors who agreed to accept the 25 per cent offer thereby impliedly agreed to the condition upon which the offer was made, and that condition was that the creditors assent to the assignment and become parties to it. We think a sufficient assent is shown, and that the plaintiff by this trustee process can hold no more than the surplus which will remain in the hands of the assignee after satisfying the percentage agreement of the assenting creditors, and a reasonable deduction for his services and expenses. The reasonableness of the assignee's charges is not disputed in this case. The certificate will be,

*Trustee charged for $44.58, less his
costs legally taxable.*